No. 10,999.

SUCCESSION OF A. G. WADDELL.

ON OPPOSITION TO ACCOUNT.

The widow and children having proven their necessitous condition at the death of the husband of the former and the father of the latter, are entitled to the amount of $1000 from the assets of the succession.

From this amount must be deducted the value of the property of the succession she has received.

The succession should not receive credit for the value of property the title to which is not proven.

The widow and minors' portion being a provision for the destitute, can not be waived in favor of a creditor and carried on the account of administrator as a claim ranked after his.

Privileges on a crop must be paid from the proceeds of the crop on which advances were made, and not from the proceeds of crops of subsequent years.

Protest was not necessary; fee can not be charged.

APPEAL from the Eighth District Court, Parish of East Carroll. *Montgomery, J.*

*J. M. Kennedy* and *E. J. Deloney* for Tutrix and Administrator, Appellees, cited: C. C., Art. 3252: 31 An. 545; 32 An. 459; 29 An. 703; 27 An. 99; 13 An. 352.

*C. S. Wyly, contra,* cited: C. C., Art. 2418, Art. 3252, Arts. 534, 536, 549; 11 An. 386.

---

The opinion of the court was delivered by

BREAUX, J.  The succession of A. G. Waddell was opened in September, 1887, in which month the administrator qualified. The decedent left a widow and four minor children.

The administrator, in January, 1889, filed a provisional account, showing for distribution a balance of $2660.04.

On the tableau of debts and distribution of funds he placed the claim of the widow and the children of the deceased as creditors for $1000, as being in necessitous circumstances and as not possessing that amount in their own right.

Jane Waddell, widow and tutrix, intervened, joining the administrator in his petition, that the tableau allowing her $1000 be homologated.

R. H. Hamlin, D. G. Tutt Grocer Co., and Chaffe & Powell opposed the account and tableau.

The administrator carried the account of D. G. Tutt Grocer Co. on the tableau for the sum of $122.60, as ordinary creditors.

This firm opposed on the ground that they had a right to $155.12.

The court amended the account and allowed $142.10.

The only remaining difference as to the creditor is, with reference to a fee of protest of $3.02.

The administrator carried the claim of Chaffe & Powell on the tableau for the sum of $1411.33, with privilege on the crop, as furnishers of supplies, and $414.73 as an ordinary debt.

They opposed the account and tableau, alleging that under their contract they were to impute the payments as they saw proper; that after exercising that right of imputation they aver that they remained creditors of the succession for the sum of $1853.45, being a balance of advances to cultivate, gather and prepare for market the crop in 1887, on which they claim a privilege and pledge under their contract.

The opposing creditors to the account opposed the $1000 to Jane Waddell, widow, and children, as not being in necessitous circumstances, and they alleged that she had taken possession of succession property exceeding said amount, disposing of part of same, and that she had not rendered an account thereof to the administrators.

Judgment was rendered homologating the account, amending the tableau as before mentioned, in so far as relates to the claim of D. G. Tutt Grocer Company, and dismissing the opposition of Chaffe & Powell. The latter have appealed.

The opponents admit that the administrator's account is in the main correct.

The issue relates to the $1000 allowed to the widow and minors; the total due Chaffe & Powell and the privileges they claim, and to a very small amount claimed by Tutt Grocer Company, to which we have already referred.

*The $1000, widow and minors' claim.* The widow and minor children, having proven their necessitous condition at the death of the husband and father, are entitled to the amount of $1000, less the value of any property received by her.

It is contended by the opponents that the value of six mules should be deducted from the amount. They charge that these mules were appropriated by the widow.

It is not stated that they were appraised and their value carried in the inventory as part of the assets of the succession.

The administrator's acts are not complained of, and we have no reason to infer that he has not properly discharged his trust.

He qualified a short time after the succession had been opened. Prior to qualifying he was the custodian of the property.

It is not stated that the least claim was made by him to these mules.

There were still three of these mules remaining when the case was tried. Two had died. The number was five, not six as claimed.

Some time prior to the death of Waddell these mules were assessed in the name of his mother-in-law.

She claimed them, took them in her possession, and on the trial offered testimony to prove that they are hers.

While the testimony is not conclusive as to her title, there is no question that she was in possession of the three remaining when the case was tried, and that she took possession of the five as an owner.

The succession can not be credited with the value of property to which title is not proven, and which is not proven to have been appropriated by the widow and tutrix.

The widow admits that she kept for the use of herself and children

what little furniture there was. Its value was $40, with which she must be charged.

It is not proven that the other items claimed by opponents as amounts which should be charged against the widow and tutrix were appropriated by her.

*Alleged waiver.* The widow and minor's portion, under Act 17, March, 1852, is a provision for the destitute, and can not be waived in favor of a creditor and made subordinate to his claim during the settlement of the succession. It must be paid without reference to any waiver.

*Imputation of payment.* The creditors Chaffe & Powell oppose the balance in their favor against the succession, as shown in the tableau as being less than the amount due them. Their witness states that on the 18th day of February, 1887, A. G. Waddell owed them a balance of $279.97, advances on the crop of 1886.

They had in their hands at the time of the crop of 1886 ten bales of cotton, which they sold.

The sale amounted to $416.79, leaving a balance to be credited on the account of 1887.

The amount of their account is $1863.45, only $1445.66 of which is secured by privilege on the crop of 1887, after deducting the credits to which the succession has a right.

*Fee of protest.* The note protested had been sent for collection It was not transferred.

There was no necessity for protest and the fee is not chargeable. "A promissory note not having been indorsed there was no need of protest." Tiedman, p. 321.

It is ordered, adjudged and decreed that the judgment appealed from be amended by charging the widow and tutrix Jane Waddel with the sum of $40, to be deducted from the widow and minors' portion; that the claim of *Powell & Chaffe* be increased from $1826 to $1863.45; of that amount the privilege on the crop of 1887 is increased from $1411.33 to $1445.66.

After amendment judgment affirmed at appellee's costs.